# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS ORTIZ, MICHAEL LEO and TYQUAN WILLIAMS | : | CIVIL NO. 3:19CV00462(JCH) |
| *Plaintiffs* | : | |
| | : | |
| VS. | : | |
| | : | |
| RONALD REMSON (individually and official capacity), PASQUALINO BRUNO, (individually and official capacity); and DEPARTMENT OF TRANSPORTATION | : | |
| *Defendants* | : | June 28, 2019 |

## **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants Department of Transportation ("DOT"), Pasqualino Bruno and Ronald Remson,[1] hereby move to dismiss the Plaintiff's' Amended Complaint filed on May 9, 2019 (Doc. # 23).

The Amended Complaint should be dismissed in its entirety for the following reasons:

- Count One – 42 U.S.C. § 1983 (Racial Discrimination) against DOT and Bruno and Remson in their official capacities are barred as follows:

    o All claims brought against DOT and the individual Defendants in their official capacities are barred by the Eleventh Amendment;

- Count Two – 42 U.S.C. § 1983 (Hostile Work Environment) against DOT and Bruno and Remson in their official capacities are barred as follows:

    o All claims brought against DOT and the individual Defendants in their official capacities are barred by the Eleventh Amendment;

- Count Three – 42 U.S.C. § 1983 (Retaliation) against DOT and Bruno and Remson in their official capacities are barred as follows:

---

[1] Plaintiffs named Pasqualino Bruno and Ronald Remson as Defendants in both their official and personal capacities. Defendants Bruno and Remson were properly served in their official capacities, but as of the filing of this Motion, they have not been properly served with process in their personal capacities. This memorandum addresses only the claims against Defendants DOT and Defendants Bruno and Remson in their official capacities.

1

- o All claims brought against DOT and the individual Defendants in their official capacities are barred by the Eleventh Amendment;

- Count Four – Conn. Gen. Stat. § 31-51q against DOT and Bruno and Remson in their official capacities are barred as follows:

  - o All claims brought against DOT and the individual Defendants in their official capacities are barred by the Eleventh Amendment;

- Count Five – Connecticut common law (Spoliation of Evidence) against DOT and Bruno and Remson in their official and individual capacities are barred as follows:

  - o All claims brought against DOT and the individual Defendants in their official capacities are barred by the Eleventh Amendment;
  - o All claims brought against DOT and the individual Defendants in their official capacities are barred by sovereign immunity

## I. BACKGROUND

As alleged in the Amended Complaint, Plaintiff Luis Ortiz is Hispanic and has been employed by Defendant DOT in the position of Maintainer II in the Milford garage since approximately July 2012. (Am. Compl. ¶4). Plaintiff Ortiz is also a Union Steward. (Am. Compl. ¶5). Plaintiff Tyquan Williams is African-American and has been employed by Defendant DOT in the position of Maintainer in the Milford garage since approximately December 14, 2017. (Am. Compl. ¶47). Plaintiff Michael Leo is Caucasian and was employed by Defendant DOT in the position of Maintainer I in the Milford garage from approximately September 1, 2018 until approximately March 8, 2019. (Am. Compl. ¶¶13, 45).

Defendant Donald Remson is a District Manager for DOT whose responsibilities include oversight over the Milford Garage. (Am. Compl. ¶7). Defendant Pasqualino Bruno is a supervisor for DOT whose responsibilities include direct supervisory responsibility over employees at the Milford Garage. (Am. Compl. ¶8).

Plaintiffs originally filed their Complaint with the United States District Court on March 27, 2019. (Doc. #1). On May 9, 2019, Plaintiffs filed their Amended Complaint. (Doc. # 17).

Plaintiffs' Amended Complaint consists of five counts: Count One asserts claims of racial discrimination under 42 U.S.C. § 1983 against DOT and both individual Defendants in both their personal and official capacities; Count Two asserts claims of a racially hostile work environment under 42 U.S.C. § 1983 against DOT and both individual Defendants in both their personal and official capacities; Count Three asserts claims of retaliation under 42 U.S.C. § 1983 against DOT and both individual Defendants in both their personal and official capacities; Count Four asserts a claim of retaliation under Conn. Gen. Stat. § 31-51q against DOT and both individual Defendants in both their personal and official capacities; and Count Five asserts a common law tort claim of Spoliation of Evidence against DOT and both individual Defendants in both their personal and official capacities. (Doc. #17).

Substantively, the Plaintiffs make the following allegations:

- Defendants DOT, Remson, and Bruno "have caused and/or permitted a hostile work environment based upon race and ethnicity to exist for employees of the Milford Garage." (Am. Compl. ¶¶9, 10, 15-23, 54-59);

- Hispanic and African-American employees do not receive the same training opportunities as Caucasians. (Am. Compl. ¶11);

- Plaintiff Ortiz was retaliated against after he complained about lack of training and discrimination. (Am. Compl. ¶12);

- A DOT employee, Joseph Kelly, took Plaintiff Ortiz's notebook out of Plaintiff's locker and Plaintiff Ortiz has been unable to recover the notebook. (Am. Compl. ¶¶12(o), 12(p));

- Plaintiff Leo was retaliated against because he was aligned with Plaintiff Ortiz. (Am. Compl. ¶31-32, 36-37, 46);

- Plaintiff Leo admits that he backed into a telephone pole in a snow plow truck and did not report it. Plaintiff Leo admits that this incident was caught on video tape and that Plaintiff Leo was ticketed and lost his CDL license as a result. DOT subsequently terminated Plaintiff Leo's employment due to this incident. Plaintiff Leo alleges that his termination was in retaliation for Plaintiff Leo's alignment with Plaintiff Ortiz. (Am. Compl. ¶42-46);

Counts One, Two, and Three are brought by all three Plaintiffs. It appears that Counts Four and

Five are brought only by Plaintiff Ortiz.

For the reasons set forth below, the Defendants move to dismiss the Plaintiffs' Amended Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1).

## II.     ARGUMENT

### A.  STANDARD ON MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

Under FRCP 12(b)(1) a party may move to dismiss a matter for lack of subject matter jurisdiction.  A case is properly dismissed for lack of jurisdiction under Federal Rules of Civil Procedure, Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.  The plaintiff, as the party asserting jurisdiction, has the burden of establishing by a preponderance of the evidence that such jurisdiction exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996).  In analyzing a motion to dismiss pursuant to Rule 12(b)(1), the Court must "construe jurisdictional allegations liberally and take as true uncontroverted factual allegations."  *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994).  However, "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Atlantic Mutual Ins. Co. v. Balfour MacLaine Int'l*, 968 F.2d 196, 198 (2d Cir. 1992); *see also Robinson,* 21 F.3d at 507.  Moreover, in resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district may, if necessary, refer to evidence outside the pleadings. *Makarova*, 201 F.3d at 113.

Lack of subject matter jurisdiction is never waived.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3). "Issues relating to subject matter jurisdiction may be raised at any time, even on appeal, and even by the court sua sponte. If a court perceives at any stage of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the

action." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976)).

### B. ALL FIVE COUNTS MUST BE DISMISSED AS TO DEFENDANT DOT AND THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES AS EACH COUNT IS BARRED BY THE ELEVENTH AMENDMENT

In Plaintiffs' Amended Complaint, Plaintiffs bring the following claims against DOT, an arm of the State of Connecticut, and the individual Defendants in their official capacities, both of whom are DOT employees:

- Count One – Violation of 42 U.S.C. § 1983 (Racial Discrimination)
- Count Two – Violation of 42 U.S.C. § 1983 (Racially Hostile Work Environment)
- Count Three – Violation of 42 U.S.C. § 1983 (Retaliation)
- Count Four – Violation of Conn. Gen. Stat. §31-51q
- Count Five – Violation of Connecticut Common Law – Spoliation of Evidence

"The Eleventh Amendment provides that '[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.'" *CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.,* 306 F.3d 87, 94–95 (2d Cir. 2002) (quoting U.S. Const. amend. XI). As interpreted by the Supreme Court and the Second Circuit, the Eleventh Amendment bars federal jurisdiction over suits against a state unless that state has expressly waived immunity or Congress validly abrogated the state's immunity. *See Kimel v. Florida Bd. Of Regents,* 528 U.S. 62, 73, 87–90 (2000); *CSX Transp., Inc.,* 306 F.3d at 94–95; *see also In re Charter Oak Assocs.,* 361 F.3d 760, 765 (2d Cir.2004) citing *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 (1996) ("The Eleventh Amendment effectively places suits by private parties against states outside the ambit of Article III of the Constitution."). Further, any such waiver of sovereign immunity must "be unequivocally expressed." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Eleventh Amendment immunity applies to the

state itself as well as to state agencies. *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) quoting *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) ("'[A] governmental entity is entitled to Eleventh Amendment immunity only if it is more like an arm of the State, such as a state agency…'").

Furthermore, the Eleventh Amendment immunity, which protects the state from suits for monetary relief, also protects state officials sued for money damages in their official capacity. *Kentucky v. Graham*, 473 U.S. 159 (1985). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Each and every Count in the Second Amended Complaint is absolutely barred as to the State of Connecticut and the individual Defendants in their official capacities.

1. ***Plaintiff's 42 U.S.C. § 1983 Claims Brought Against DOT and Defendants Remson And Bruno In Their Official Capacities Are Absolutely Barred By The Eleventh Amendment And Must Be Dismissed***

Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will,* 491 U.S. at 66–67(internal citation omitted). The Supreme Court determined that "a State is not a "person" within the meaning of § 1983." *Id.* at 65.

Connecticut has not waived its immunity to suit under 42 U.S.C. § 1983. *Lanteri v. Connecticut*, 726 F. App'x 80 (2d Cir. 2018), cert. denied, 139 S. Ct. 808, 202 L. Ed. 2d 592 (2019)(citing *Fetterman v. Univ. of Conn.*, 192 Conn. 539, 550-52 (1984), *abrogated on other grounds by Piteau v. Bd. of Educ. of the City of Hartford*, 300 Conn. 667, 15 A.3d 1067 (2011)). Nor has Congress abrogated Connecticut's immunity. *Lanteri*, 726 F. App'x at 80-81

(citing *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990)). Therefore, the Eleventh Amendment absolutely bars all claims made in Counts One, Two, and Three against DOT and against Defendants Remson or Bruno in their official capacities. Counts One, Two, and Three must therefore be dismissed with respect to those Defendants pursuant to FRCP 12(b)(1).

### 2. *Plaintiffs' Claim of Violations of Conn. Gen. Stat. §31-51q Brought Against DOT and Defendants Remson And Bruno In Their Official Capacities Is Absolutely Barred by the Eleventh Amendment And Must Be Dismissed*

Count Four of the Plaintiffs' Complaint is based on a state statutory scheme for which the State of Connecticut has never consented to suit in federal court, and thus any such claims are barred by the Eleventh Amendment to the United States Constitution. Specifically, because all claims in Count Four are brought under Conn. Gen. Stat. § 31-51q, Count Four must be dismissed for lack of subject matter jurisdiction.

"A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)(emphasis in original). The United States Supreme Court has further concluded that pendent jurisdiction does not override the Eleventh Amendment in cases based on state law. *Id.* at 120-21. "[P]endent jurisdiction does not permit such an evasion of the immunity guaranteed by the Eleventh Amendment." *Id.* at 121. Likewise, the Second Circuit has recognized the Eleventh Amendment bar to the exercise of pendent jurisdiction over state law claims. *See*, *e.g.*, *Allen v. Cuomo*, 100 F.3d 253, 260 (2d Cir. 1996); *Alliance of Am. Insurers v. Cuomo*, 854 F.2d 591, 604 (2d Cir. 1988).

While Connecticut has consented to suit for violations of Conn. Gen. Stat. § 31-51q in its own state courts, there is no such consent to be sued in federal court. "[T]he Court consistently

has held that a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts." *Pennhurst,* 465 U.S. at 100, n.9.

Conn. Gen. Stat. § 31-51q is a creation of Connecticut law, Connecticut has not expressly consented to being sued for violations of this statute in federal court, Congress has not authorized the abrogation of state immunity, and thus, the Eleventh Amendment is an absolute bar to Plaintiffs' claims in Counts Four of their Amended Complaint. Accordingly, Count Four must be dismissed for lack of subject matter jurisdiction.

### 3. *Plaintiffs' Connecticut Common Law Claim of Spoliation of Evidence Brought Against DOT and Defendants Remson And Bruno In Their Official Capacities Is Absolutely Barred by the Eleventh Amendment And Must Be Dismissed*

The Connecticut common law claim of Spoliation of Evidence brought against DOT and Defendants Remson and Bruno in their official capacities in Count Five must also be dismissed on Eleventh Amendment grounds.

Connecticut does recognize the common law tort claim of intentional spoliation of evidence. *Rizzuto v. Davidson Ladders, Inc*., 280 Conn. 225, 234–35 (2006). The claim asserted in Count Five is based on Connecticut common law, and is not based on a waiver or Congressional abrogation of the State's sovereign immunity from suit. Consequently, the Eleventh Amendment bars this common law claim, just as it bars Plaintiffs' federal claims and Plaintiffs' Connecticut statutory claim. The court's reasoning in the case of *Dragon v. Connecticut,* No. 3:14-CV-0749 MPS, 2014 WL 6633070 (D. Conn. Nov. 21, 2014) is instructive. The court explained its ruling dismissing the common law claims as follows:

> Ms. Dragon's remaining two common law claims—negligent hiring, training, and supervision, and intentional infliction of emotional distress—are barred by the Eleventh Amendment. Ms. Dragon has not presented any arguments that the State Defendants have consented to be sued on such claims, or that any statute has abrogated their immunity. *See Pennhurst,* 465 U.S. at 106 ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs

> state officials on how to conform their conduct to state law."). Thus, because the State Defendants have sovereign immunity as to these state-law claims, such claims must be dismissed. *See Delrio v. Univ. of Connecticut Health Care,* 292 F.Supp.2d 412, 419 (D.Conn .2003) (dismissing plaintiff's CFEPA and state-law claims because they are barred under the Eleventh Amendment); *Gaynor v. Martin,* 77 F.Supp.2d 272, 281 (D.Conn.1999) (dismissing plaintiff's state-law claim of intentional infliction of emotional distress because state defendant did not waive its Eleventh Amendment immunity).

*Id.* at *3.

Other courts (in addition to those cited in *Dragon*) have reached the same conclusion. *See, e.g., Volpe v. Connecticut Dep't of Mental Health & Addiction Servs.,* No. 3:13-CV-1796 CSH, 2015 WL 418149, at *8 (D. Conn. Jan. 30, 2015) (holding that Eleventh Amendment required dismissal under Fed. R. Civ. P. 12(b)(1) of claim of intentional infliction of emotional distress against DMHAS); *Gibson v. State of Conn., Judicial Dep't, Court Support Servs. Div.,* No. CIV.A. 3:05CV1396JCH, 2006 WL 1438486, at *2 (D. Conn. May 23, 2006) (same, with respect to negligent infliction of emotional distress claim against State agency). For these reasons, Count Five of the Complaint must be dismissed pursuant to FRCP 12(b)(1) as to DOT and Defendants Remson and Bruno in their official capacities as this Court lacks subject matter jurisdiction over Count Five.

### C. COUNT FIVE MUST BE DISMISSED AS TO DEFENDANT DOT AND THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES AS IT IS BARRED BY SOVEREIGN IMMUNITY

Eleventh Amendment immunity is not the only type of immunity enjoyed by state governments. "Eleventh Amendment [provides] immunity from suit in federal court" but "States also enjoy a broader sovereign immunity, which applies against all private suits, whether in state or federal court." *Beaulieu v. Vermont*, 807 F.3d 478, 483 (2d Cir. 2015). "The Eleventh Amendment ... is but one particular exemplification of that immunity." *Beaulieu,* 807 F.3d at 483 (quoting *Fed. Mar. Comm'n v. S.C. State Ports Auth*., 535 U.S. 743, 753 (2002)).

9

"The principle that the state cannot be sued without its consent, or sovereign immunity, is well established under our case law.... It has deep roots in this state and our legal system in general, finding its origin in ancient common law. ... Not only have we recognized the state's immunity as an entity, but [w]e have also recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. The principle of sovereign immunity implicates the subject matter jurisdiction of the court." *Allen v. Comm'r of Revenue Servs.*, 324 Conn. 292, 298–99 (2016), *cert. denied sub nom. Allen v. Connecticut Com'r of Revenue Servs.*, No. 16-1192, 2017 WL 1211591 (U.S. June 5, 2017) *(*internal citation and quotation omitted quoting *DaimlerChrysler Corp.* v. *Law*, 284 Conn. 701, 711 (2007)).

"In the absence of a statutory waiver of sovereign immunity, the plaintiff may not bring an action against the state for monetary damages without authorization from the claims commissioner to do so. A plaintiff who seeks to bring an action for monetary damages against the state must first obtain authorization from the claims commissioner." *Columbia Air Servs., Inc. v. Dep't of Transp.*, 293 Conn. 342, 346-52 (2009).

Here, there is no statute waiving Connecticut's immunity to suit for Plaintiffs' common law tort claim of spoliation of evidence. Therefore, the only mechanism available to the Plaintiffs to avoid Connecticut's sovereign immunity with respect to this Count is to receive permission from the Connecticut Claims Commissioner. Plaintiffs have not alleged that they have sought or received permission from the Connecticut Claims Commissioner to sue the State of Connecticut in Federal Court for damages or their tort law claim of spoliation of evidence. Therefore, Count Five is also barred by sovereign immunity and must be dismissed for lack of subject matter jurisdiction.

## III. CONCLUSION

For all the foregoing reasons, the Defendants respectfully move that this Court grant the Defendants' Motion to Dismiss and dismiss all Five Counts of Plaintiffs' Amended Complaint brought against DOT and Defendants Remson and Bruno in their official capacities as this Court has no subject matter jurisdiction over the Plaintiff's claims against these Defendants.

        DEFENDANTS,

        DEPARTMENT OF TRANSPORTATION,
        RONALD RENSON, IN HIS OFFICIAL
        AND CAPACITY, AND
        PASQUALINO BRUNO, IN HIS
        OFFICIAL CAPACITY

        WILLIAM TONG
        ATTORNEY GENERAL

By: _/s/Colleen B. Valentine_____
     Colleen B. Valentine
     Assistant Attorney General
     55 Elm Street, P.O. Box 120
     Hartford, CT  06141-0120
     Tel:  (860) 808-5340
     Fax.: (860) 808-5383
     Federal Bar No. ct28932
     Email:  Colleen.Valentine@ct.gov

## CERTIFICATION

I hereby certify that on June 28, 2019 a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:   _/s/Colleen B. Valentine_____
       Colleen B. Valentine
       Assistant Attorney General